UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JONATHAN W. HALL, | ) | Case No. 3:21-cv-1664 |
| | ) | |
| Petitioner, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge Darrell A. Clay |
| | ) | |
| TOM WATSON, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**OPINION AND ORDER**

Petitioner Jonathan Hall pled guilty to a specification enhancing the penalty for his underlying offense that carried a potentially lengthy mandatory consecutive sentence. At the change-of-plea hearing in State court, after he admitted his guilt to that specification, the prosecutor advised the Court that it could not impose a mandatory consecutive sentence either legally or factually. Despite its resulting confusion, the State trial court proceeded to take Mr. Hall's plea and impose a sentence that did not include a term of imprisonment for that specification.

Instead of appealing or pursuing post-conviction relief, Petitioner filed a post-sentence motion to withdraw his plea of guilty, which the State trial court denied. On appeal, the State appellate court determined that the doctrine of res judicata barred consideration of the motion because he failed to take a direct appeal. Then, Petitioner sought a writ of habeas corpus on the basis of ineffective assistance of counsel.

In his Report and Recommendation, the Magistrate Judge determined that Petitioner indeed entered a plea that was not knowing and voluntary because he faced the threat of a significant consecutive sentence that he was not advised could not be imposed. Notwithstanding this constitutional violation, the Magistrate Judge recommends denying the petition for a writ of habeas corpus based on procedural default. Accordingly, this petition requires close review in light of the congressional limitations on the issuance of the writ based on principles of comity, federalism, and finality.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 19, 2017, a grand jury indicted Mr. Hall on one count of burglary under Sections 2911.12(A)(2), 2911.12(D), and 2929.14(A)(3)(a) of the Ohio Revised Code. (ECF No. 9-1, PageID #156.) Under Ohio law, this offense is a felony of the second degree, carrying a penalty of two to eight years in prison with a presumption of imprisonment. *See* Ohio Rev. Code § 2929.13(D)(1). On its face, the indictment also charged Mr. Hall with a repeat violent offender specification under Section 2941.149(A) based on a conviction for aggravated robbery from 1993. (ECF No. 9-1, PageID #156.) Such a specification authorizes an additional consecutive prison term of one to ten years under Ohio law. *See* Ohio Rev. Code § 2929.14(B)(2)(a). Mr. Hall's conduct giving rise to these charges appears to result from a longstanding and serious drug addiction, as does his criminal history supporting the specification. (*See, e.g.*, ECF No. 1-5, PageID #55–57.)

2

### A. State Conviction

Pursuant to a plea agreement, Mr. Hall agreed to plead guilty to the substantive offense and the repeat violent offender specification. (ECF No. 9-1, PageID #160.) On September 17, 2018, the State trial court conducted a change-of-plea hearing addressing the burglary charge at issue in this habeas case and another charge of escape, which also carried a repeat violent offender specification. (ECF No. 1-5, PageID #36.) In the months leading up to the change of plea, Mr. Hall's trial counsel warned him that he could receive an additional ten years in prison on the specification. (ECF No. 10, PageID #447.) At the morning of the hearing, Mr. Hall still could not confirm whether the ten-year sentence on the specification applied or not. (*Id.*) To avoid that additional penalty, Mr. Hall decided to plead guilty. (ECF No. 1, PageID #16.) Just before the hearing began, Mr. Hall's trial counsel had a conversation about the issue with the prosecutor, but he did not inform Mr. Hall of the substance of the conversation. (ECF No. 10, PageID #447–48.)

At the outset of the hearing, the prosecutor represented that Mr. Hall "consent[s] that the Court find he is a repeat violent offender. . . . The Court at sentencing would nonetheless have to consider the five factors set forth in 2929.14(B)(2)(a) in order to determine whether or not any additional prison term would be appropriate under those repeat violent offender specifications." (ECF No. 1-5, PageID #37.) Through counsel, Mr. Hall indicated that he intended to plea guilty to the burglary charge and to the repeat violent offender specification. (*Id.*, PageID #38.) The State trial court advised Mr. Hall of the maximum penalties for each charge:

3

> THE COURT: Do you understand that with respect to the escape charge, the maximum potential penalty could be up to eight years in prison, the repeat violent offender specification would add ten years to that, and the burglary is also eight years in prison, and the repeat violent offender specification adds 10 years to that? Do you understand that?
>
> THE DEFENDANT: I do.

(*Id.*, PageID #41.) In addition, the State trial court ensured the voluntariness of the plea and reviewed the rights Mr. Hall would waive by entering a guilty plea. (*See generally id.*, PageID #39–44 & #49–51.)

Then, the prosecutor provided the factual basis for the plea, to which there was no objection. (*Id.*, PageID #44–49.) Regarding the repeat violent offender specification, the prosecutor referenced Mr. Hall's conviction from 1993 for "burglary in violation of Revised Code Section 2911.01." (*Id.*, PageID #45.) Regarding the burglary offense to which Mr. Hall pled guilty on September 17, 2018, the basis for the plea included the following facts. On July 25, 2017, the local sheriff received a phone call from a woman house sitting for two friends. When she returned to that house from work, she noticed that the door had been forced open and a number of items worth about $3,500 had been stolen. Several days later, some of the stolen property was pawned, and the ensuing investigation identified Mr. Hall as the suspect. (*See generally id.*, PageID #45–47.) Later, he confessed to the burglary. (*Id.*, PageID #47.)

Mr. Hall pled guilty to the burglary charge and to the repeat violent offender specification. (*Id.*, PageID #49–51; *see also* ECF No. 9-1, PageID #160.) After the State trial court accepted the pleas of guilty, the prosecutor contradicted his position

4

from the outset of the hearing, when he advised that the State trial court would have to analyze five factors under Ohio law to determine whether a term of imprisonment would be appropriate on the repeat violent offender specification. Now, he advised the State trial court that it could not impose a sentence under the repeat violent offender specification as a matter of fact or a matter of law:

> [PROSECUTOR]: . . . It's the State's obligation to advise the Court that under 2929.14(B)(2)(a)(ii), in order for the Court to impose any time for a repeat violent offender specification in either case, the Court would have been required to make a factual finding that the underlying offense involved an attempt to cause or a threat to cause serious physical harm to a person or resulted in serious physical harm to a person.
>
> As a matter of fact and as a matter of law, that did not occur in either of the underlying cases, so I don't believe the Court has a basis for imposing time under the repeat violent offender specifications.

(ECF No. 1-5, PageID #52.) The presiding judge expressed his confusion. (*Id.*) In further discussion with the prosecutor to clarify, the State trial court asked a simple question to confirm that a penalty for the repeat violent offender specification is not available as a matter of fact or law:

> THE COURT: So the repeat violent offender penalty would not be applicable in either case?
>
> [THE PROSECUTOR]: Correct. There's still a finding of guilt [on the specification], but there's no time that can be imposed under the sentencing statute.

(*Id.*, PageID #53.)

The State trial court sentenced Mr. Hall to eight years in prison, to be served consecutive to the two-year sentence for the escape offense. (*Id.*, PageID #58–59; ECF No. 9-1, PageID #174.) Significantly, Mr. Hall did not appeal his conviction or sentence (ECF No. 12, PageID #490), though he acknowledged in the plea agreement

5

that he had "a very limited right to appeal [the] sentence within 30 days" of the entry of judgment (ECF No. 9-1, PageID #161).

### B. Motion to Withdraw Guilty Plea

On April 19, 2019, more than six months after sentencing, Mr. Hall filed a *pro se* motion to withdraw his guilty plea. (*Id.*, PageID #179.) In his motion, Mr. Hall raised two ineffective assistance of counsel claims that he contended made his plea not knowing and voluntary. First, none of the three lawyers who represented him at different times during the pendency of his burglary charge failed properly to investigate availability of the repeat violent offender specification, resulting in a gross misrepresentation of the time in prison he actually faced. (*Id.*, PageID #180–81.) Second, counsel did not inform him that, if he went to trial, the jury could have been instructed on a lesser-included offense that carried a maximum of three years in prison. (*Id.*, PageID #185.) In discussing the details of his representation, Mr. Hall referenced discussions and advice not appearing in the record of the case. (*Id.*, PageID #180–81.) He indicated that other correspondence and documents supported his contentions about the advice he received, but he was not able to obtain them due to his incarceration. (*Id.*, PageID #181.)

On July 1, 2019, the State trial court denied Mr. Hall's motion in its entirety. (*Id.*, PageID #198–203.) In doing so, a different judge on the court noted that claims like those brought typically come in a motion for post-conviction relief. (*Id.*, PageID #199.) Because Mr. Hall brought a motion to withdraw his guilty plea instead, the State trial court analyzed the motion under the different standards and procedures for such a motion and reviewed only for manifest injustice because Mr. Hall failed to

6

seek withdrawal of his guilty plea before sentencing. (*Id.*, PageID #199–200.) "Normally," the State trial court noted, "the ineffective assistance of counsel arguments made by Hall would be barred by res judicata." (*Id.*, PageID #201.) However, Mr. Hall relied on material outside the record. Therefore, the State trial court did not apply res judicata or limit its review and went "on and address[ed] whether or not Hall should be allowed to withdraw his plea." (*Id.*)

Based on its review of the materials from outside the record that Mr. Hall presented, the State trial court determined that, even if he received ineffective assistance of counsel, Mr. Hall pled guilty knowingly and voluntarily. (*Id.*, PageID #202.) The State trial court found support for this determination in the record. Trial counsel and the prosecutor discussed the sentence for the repeat violent offender specification before the change of plea: "Hall acknowledges that prior to going on the record, his attorney had discussions with the prosecutor regarding the [repeat violent offender] time. This is evident from the prosecutor stating on the record that Hall could not receive an enhanced sentence on the RVO specification." (*Id.*) Additionally, in the view of the State trial court, "whether the state would have made a different plea offer if the conversation had occurred at an earlier date is entirely speculative." (*Id.*) In any event, the State trial court found that the plea colloquy fairly advised Mr. Hall of his rights and the sentence he faced. (*Id.*) Finally, it rejected his argument based on the lesser-included offense. (*Id.*)

On September 11, 2020, again proceeding *pro se*, Mr. Hall appealed the denial of his motion to withdraw his guilty plea. (*Id.*, PageID #234.) He raised two

7

assignments of error paralleling the two issues he asserted in support of his motion in the State trial court. (*Id.*, PageID #238.) On March 26, 2021, the State appellate court affirmed the trial court's judgment denying Mr. Hall's motion to withdraw his guilty plea. (*Id.*, PageID #302.) Because it found that Mr. Hall's motion relied on evidence contained within the trial record, the State appellate court determined that res judicata barred his claim for ineffective assistance of counsel. (*Id.*, PageID #307–08.) Specifically, it ruled:

> Here, appellant argues trial counsel's failures led to his guilty plea and that those failures support a finding of manifest injustice. Specifically, appellant argues that counsel should have investigated aspects of the burglary charge more in depth and that counsel overstated his possible prison exposure due to the repeat violent offender specification. However, *the evidence appellant relies upon is contained in the trial court record and appellant does not rely on evidence outside of that record.* Thus, these arguments could have been raised in a prior proceeding and the doctrine of res judicata acts as a bar.

(*Id.*, PageID #308 (emphasis added).) Mr. Hall sought reconsideration (*id.*, PageID #311 & #319), and the appellate court denied the motion (*id.*, PageID #325–26).

On April 16, 2021, Mr. Hall sought discretionary review at the Ohio Supreme Court (*id.*, PageID #328–45), which declined to hear the case (*id.*, PageID #427).

    **C.    Motion for Leave to File a Delayed Direct Appeal**

On April 19, 2021, Mr. Hall moved for leave to file a delayed direct appeal of his burglary conviction and sentence in the State appellate court. (*Id.*, PageID #363.) On May 18, 2021, the State appellate court denied the motion, holding that Mr. Hall had not set forth sufficient reason for why he delayed his appeal for more than two years. (*Id.*, PageID #386.) Mr. Hall did not appeal that decision to the Ohio Supreme Court.

### D. Petition for a Writ of Habeas Corpus

On August 26, 2021, Mr. Hall filed a petition for a writ of habeas corpus, asserting two grounds for relief. First, he argues that his trial counsel rendered ineffective assistance by misstating the maximum sentence he faced. Therefore, his guilty plea was not made knowingly or voluntarily. (ECF No. 1, PageID #5.) Second, Petitioner claims that his trial counsel rendered ineffective assistance for the same reasons raised in his motion to withdraw his guilty motion and related proceedings in State court. (*Id.*, PageID #7.) When Mr. Hall filed his petition, the proper Respondent was Warden Neil Turner. Now, the Warden is Tom Watson, making him the proper Respondent. *See* 28 U.S.C. § 2243; Fed. R. Civ. P. 25(d).

### D.1. Report and Recommendation

In a Report and Recommendation, the Magistrate Judge recommended that the Court dismiss the petition as procedurally defaulted. (ECF No. 12, PageID #488.) In making this recommendation, the Magistrate Judge reviewed the factual and procedural background of Petitioner's conviction and subsequent proceedings in the State courts. (*Id.*, PageID #489–93.) The Magistrate Judge concluded: "although Mr. Hall convincingly argues the trial court and defense counsel incorrectly informed him about the maximum potential sentence before he pled guilty, his failure to pursue this claim on direct appeal constitutes a procedural default that precludes this Court from considering this claim." (*Id.*, PageID #505.)

After further review of the record from the State courts, the Magistrate Judge determined that Mr. Hall pled guilty believing that he faced a sentence of eighteen years. (*Id.*, PageID #505–07.) In fact, however, he faced a sentence of only eight

9

years.  (*Id.*, PageID #507.)  Accordingly, the Magistrate Judge recognized that the plea colloquy "in no way informed Mr. Hall of the true nature of his maximum sentence exposure." (*Id.*, PageID #508.)

Although these facts might appear to make his plea not knowing and voluntary (*id.*, PageID #507–08), the Magistrate Judge appreciated that the habeas standard requires more (*id.*, PageID #508).  The Magistrate Judge addressed whether Mr. Hall complied with the State's procedural rules in presenting his claims and seeking appropriate relief in State court, which he must do to obtain relief.  (*Id.*)  On this score, the Magistrate Judge found that the State court record showed that Mr. Hall could have pursued his arguments regarding ineffective assistance of counsel on direct appeal.  (*Id.*, PageID #509.)  For that reason, the Report and Recommendation determined that claims supported by the record must be raised on direct appeal and, if they are not, the doctrine of res judicata under Ohio law bars their review in post-conviction proceedings.  (*Id.*)

In making his recommendation, the Magistrate Judge took the unusual step of acknowledging the "harsh result." (*Id.*, PageID #511.)  That is, the Magistrate Judge simultaneously recognized that Mr. Hall presented a credible violation of his constitutional rights and that Congress struck a balance between the roles of State and federal courts in providing a remedy for that violation.  (*Id.*)  Further, the Magistrate Judge recommended against holding an evidentiary hearing and against granting a certificate of appealability.  (*Id.*, PageID #512–13.)

10

### D.2. Objections

Petitioner timely objected to the Report and Recommendation. (ECF No. 13.) In his objection, Petitioner asserted that the State courts erred by applying the doctrine of res judicata instead of "review[ing] the trial court decision for an abuse of discretion." (*Id.*, PageID #515–16.) In short, he contends that the State courts should not have barred review of the voluntariness of his post-sentencing motion to withdraw his plea. (*Id.*) Also, he objects that the State courts came to an unreasonable determination in light of the facts. (*Id.*, PageID #516.)

### STANDARD OF REVIEW

A district court judge may designate a magistrate judge to submit "proposed findings of fact and recommendations for the disposition, by a judge of the court," 28 U.S.C. § 636(b)(1)(B), of a petition for a writ of habeas corpus, which the Court does by local rule, *see* LR 72.2. When reviewing a report and recommendation, if a party objects within the allotted time, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). "Objections must be specific, not general" and should direct the Court's attention to a particular dispute. *Howard v. Secretary of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985).

Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Importantly, the Court's job is not to conduct a free-wheeling examination of the entire report and recommendation, but only to address any specific objections that a party has advanced to some identified portion of it. Accordingly, it is the Court's task in this matter to review the Magistrate Judge's report and recommendation de novo, based on the specific objections Petitioner raises.

## GOVERNING LEGAL STANDARD

Where a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States," he is entitled to a writ of habeas corpus. 28 U.S.C. §§ 2241(c)(3) & 2254(a). At bottom, the writ tests the fundamental fairness of the State court proceedings resulting in the deprivation of the petitioner's liberty. *See, e.g.*, *Brown v. Allen*, 344 U.S. 443, 463 (1953); *Powell v. Collins*, 332 F.3d 376, 388 (6th Cir. 2003) (citing *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991)); *Skaggs v. Parker*, 235 F.3d 261, 266 (6th Cir. 2000).

28 U.S.C. § 2254(d) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

12

"With the AEDPA, Congress limited the source of law for habeas relief to cases decided by the United States Supreme Court." *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998); *see also Williams v. Taylor*, 529 U.S. 362, 412 (2000).

A State court adjudication is "contrary to" Supreme Court precedent under Section 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law," or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" and arrives at a different result. *Williams*, 529 U.S. at 405. "Avoiding these pitfalls does not require citation of [Supreme Court] cases—indeed, it does not even require awareness of [the] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002).

Under Section 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law. *See Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Williams*, 529 U.S. at 410). A State court adjudication involves "an unreasonable application of" Supreme Court precedent under Section 2254(d)(1) in one of two ways: (1) if the State court identifies the correct governing legal rule from the Supreme Court's cases but unreasonably applies it to the facts of the particular State prisoner's case; or (2) if the State court either unreasonably extends a legal principle from the Court's precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *See Williams*, 529 U.S. at 407.

13

## I. Procedural Default

Generally, a petitioner must demonstrate that he has "exhaust[ed] all available opportunities to pursue his claim in state court." *Gerth v. Warden, Allen Oakwood Corr. Inst.*, 938 F.3d 821, 826 (6th Cir. 2019). Further, a federal court may not consider a habeas petition unless a State prisoner has presented his claim to the State courts in accordance with their procedural rules. *See Shinn v. Ramirez*, 596 U.S. 366, 371 (2022). A petitioner may procedurally default a claim by failing to raise it in State court and pursue it through the State's appellate review procedures. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). Where the petitioner has failed to do so, and the State courts would dismiss or deny the claim on that basis, the federal court must do the same because the petitioner has procedurally defaulted the claim. *Shinn*, 596 U.S. at 371. If State law no longer allows the petitioner to raise or appeal the claim at the time of the habeas petition, the claim is procedurally defaulted. *Id.* Procedural default may be excused where a petitioner can show that an external factor prevented him from complying with the procedural rule at issue, through no fault of his own, and that the alleged constitutional violation resulted in actual prejudice. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991).

After pleading guilty, Petitioner failed to file a direct appeal. As relevant here, on direct appeal, Ohio law afforded Mr. Hall the opportunity to challenge his conviction and sentence, including the voluntariness of his plea, and to raise the issue of the effectiveness of his counsel in connection with his guilty plea. *See State v. Ketterer*, 111 Ohio St. 3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶¶ 13–14 & 75–90. Of course, on direct appeal, a claim of ineffective assistance of counsel would be limited

14

to the face of the record. That is why Ohio creates the opportunity for post-conviction relief. *See* Ohio Rev. Code § 2953.21. Such a petition affords an opportunity in certain limited circumstances for discovery or expansion of the record made on direct appeal. *See id.* § 2953.21(B). Under Ohio law, post-conviction relief provides "the exclusive remedy by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case." *Id.* § 2953.21(J). Generally, such a petition must be brought within one year of the filing of the transcript in the State appellate court. *See id.*, § 2953.21(A)(2)(a). But Mr. Hall failed to file a post-conviction petition, which might have permitted him to develop a record in support of his claims of ineffective assistance of counsel.

Significantly, when Mr. Hall filed a post-sentence motion to withdraw his plea, the State trial court noted that he did not file a petition for post-conviction relief. (ECF No. 9-1, PageID #199.) Ohio law treats post-conviction petitions differently from motions to withdraw a guilty plea. *See State v. Bush*, 96 Ohio St. 3d 235, 2002-Ohio-3993, 773 N.E.2d 522, ¶ 14. Rule 32.1 of the Ohio Rules of Criminal Procedure governs a motion to withdraw a guilty plea, like the one Mr. Hall filed. And the State trial court recognized as much. (ECF No. 9-1, PageID #199–200.) Still, the State trial court considered Mr. Hall's arguments based on facts outside the record, though it ultimately decided not to allow him to withdraw his plea based on (1) the governing standard for claims of ineffectiveness of counsel involving guilty pleas, and (2) the face of the record and its determination that the change-of-plea colloquy sufficiently established the voluntariness of the plea. (*Id.*, PageID #200–02.) If the State trial

15

court's determination sufficed on habeas review to raise and preserve Mr. Hall's claim for ineffective assistance of counsel, the Court could not say that its adjudication of the issue constituted an unreasonable application of clearly established federal as determined by the Supreme Court.

But the State trial court's ruling was not the last reasoned decision of the State courts. On appeal, the State appellate court reviewed the decision not to allow Mr. Hall to withdraw his guilty plea. (*Id.*, PageID #304.) It examined whether res judicata barred Mr. Hall's motion because of his failure to file a direct appeal. (*Id.*, PageID #306–07.) Though it did not have to do so, it determined that Mr. Hall "does not rely on evidence outside of that record" from the trial court record. (*Id.*, PageID #308.) Therefore, it applied the doctrine of res judicata because Mr. Hall could have raised ineffective assistance of counsel on direct appeal. (*Id.*) Because "res judicata fully bars consideration" of Mr. Hall's motion to withdraw his guilty plea, the State appellate court found "no abuse of discretion in denying" the motion. (*Id.*, PageID #309.)

Res judicata constitutes an adequate and independent State procedural ground that bars further review of a claim in federal court. *See Monzo v. Edwards*, 281 F.3d 568, 577 (6th Cir. 2002). Petitioner makes no showing of cause to set aside this procedural bar. Nor does the record show a fundamental miscarriage of justice from enforcing the State's procedural bar. Indeed, Mr. Hall admitted his guilt.

For these reasons, the Court **OVERRULES** Petitioner's objection to the Magistrate Judge's Report and Recommendation.

## II. Unreasonable Factual Determination

Under Section 2254(d)(2), a federal court may issue a writ of habeas corpus only where the State court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State proceeding." A State court's factual determination is not unreasonable simply because a federal habeas court would have reached a different conclusion in the first instance. *Wood v. Allen*, 558 U.S. 290, 301 (2010). Even where reasonable minds reviewing the record might disagree about the reasonableness of a factual determination, on habeas review more is required to set aside the facts determined in State court. *Id.* (quoting *Rice v. Collins*, 546 U.S. 333, 341–42 (2006)).

In any habeas proceeding, "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Clear and convincing evidence requires a firm belief or abiding conviction that what is alleged is highly probable. *Kelley v. Apria Healthcare, LLC*, 232 F. Supp. 3d 983, 1003 (E.D. Tenn. 2017); *Automotive Techs. Int'l., Inc. v. Delphi Corp.*, 776 F. Supp. 2d 469, 477 (E.D. Mich. 2011); *Cooney v. Bob Evans Farms, Inc.*, 645 F. Supp. 2d 620, 629 (E.D. Mich. 2009); *In re Bowling*, 314 B.R. 127, 135 (S.D. Ohio 2004).

In his objection, Petitioner contends that the State trial court came to an unreasonable determination in light of the facts. (ECF No. 13, PageID #516.) Presumably, Petitioner refers to the determination of the State courts disposing of his post-sentencing motion to withdraw his plea. Under Section 2254(e)(1), this

17

argument suffers from a fatal problem: the record contains few facts regarding ineffective assistance of counsel or otherwise demonstrating that Mr. Hall's plea was not consistent with due process. As noted, Mr. Hall had the opportunity to develop that record through post-conviction proceedings under Ohio law but did not do so. Otherwise, the facts on which this argument depends consist largely of procedural matters and questions of law. Ultimately, the State appellate court limited its review to the trial record—that is, to the change-of-plea colloquy. Unlike the State trial court, it did not credit Mr. Hall's representations about his interactions with his trial counsel that went outside the record. But even the State trial court's consideration of those additional facts, which credited Mr. Hall's version of events, declined to find ineffective assistance of counsel because of the colloquy.

Petitioner's contention might refer to the State trial court's decision to accept the plea in the first instance. But Mr. Hall signed a plea agreement. He engaged in a colloquy and admitted his guilt. Whatever confusion the State trial judge expressed about application of the repeat violent offender specification traced more to the position of the prosecutor than to any question of the voluntariness of the plea. Indeed, the State trial judge expressed no concern about the voluntariness of his plea at any point during the change-of-plea hearing. And the subsequent State trial judge who reviewed Mr. Hall's post-sentence motion to withdraw his plea expressed none after a thorough review of the record (and Mr. Hall's extra-record representations).

For these reasons, Petitioner cannot carry his burden of establishing that the factual determinations in the State court record are not correct or that any such error entitles him to a writ under Section 2254(d)(2).

## CERTIFICATE OF APPEALABILITY

Without a certificate of appealability, a habeas petitioner cannot appeal a final order in a habeas proceeding. 28 U.S.C. § 2253(c)(1). Issuance of a certificate of appealability requires a petitioner to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This means that the petitioner must show that reasonable jurists could find the district court's determination of the relevant constitutional claims debatable or incorrect. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). The petitioner need not show that the appeal would succeed to be eligible for a certificate of appealability. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

In this case, Petitioner makes a substantial showing of the denial of a constitutional right. As the Magistrate Judge explained in the Report and Recommendation, the record raises at least a serious question whether Mr. Hall entering a knowing and voluntary plea. Given the procedural complexities attending federal habeas practice, Ohio post-conviction procedure, and the interplay between the two, the Court finds that reasonable jurists could fairly debate the determination that procedural default bars consideration of Petitioner's claims. This is particularly so, among other reasons, because ineffective assistance of counsel may excuse a procedural default, and reasonable jurists could so determine based on the

19

performance of counsel on the face of the record in this case. For these reasons, the Court **GRANTS** a certificate of appealability for Mr. Hall to raise his claims of ineffective assistance of counsel.

## CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Petitioner's objections (ECF No. 13), **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 12), and **DENIES** and **DISMISSES** the petition for a writ of habeas corpus (ECF No. 1). Further, the Court **GRANTS** a certificate of appealability on the issue of ineffective assistance of counsel.

**SO ORDERED.**

Dated: January 22, 2025

J. Philip Calabrese
United States District Judge
Northern District of Ohio